SMITH *v.* RUSK *et al.*

</div>

Where, in a suit by S. on a note payable to K. "or bearer," the defendants deny the title of the plaintiff, and establish payment to K., and where the evidence as to the ownership of the note is conflicting, this court will not interfere with the discretion of the trial judge in refusing a new trial.

Submitted November 3,—Decided November 16, 1903.

Complaint.    Before  Judge  Gober.    Cherokee  superior  court.
February  term,  1903.

*G. I. Teasley* and *P. P. DuPre,* for plaintiff.
*J. P. Brooke,* for defendants.

LAMAR, J.    Smith sued on a promissory note payable to Kitch-
ens " or bearer."    Defendants denied that Smith was the owner,
and pleaded  payment to Kitchens, and supported the plea by the
latter's evidence and a receipt dated three days before the maturity
of the note.    It appeared that Smith and Kitchens had been part-
ners ; and that an execution against the firm was about to be
levied on the individual property of Smith, who obtained the note
from Kitchens to be deposited with the plaintiff in fi. fa. as collat-
eral for the payment of the execution debt, so as to avoid a levy.
The fi. fa. was subsequently discharged by Smith, with the result
that under the agreement the note again became the property of
Kitchens.    Smith claimed that afterwards and before its maturity
Kitchens agreed that the amount of the note should be credited on
a debt of $700 due by him to Smith.  This was denied by Kitch-
ens.    The evidence being conflicting as to the fact of the trans-
fer and whether it was  before or after maturity and payment by
defendants, no error of law being assigned, and the trial judge hav-
ing exercised his  discretion in refusing a new trial, the judgment
is                                    *Affirmed.    All the Justices concur.*